IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. THOMAS,<br><br>　　　　Defendant. | No. 2:22-CV-0512-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

The Plaintiff, Mr. DAVID D. HARRIS (hereinafter referred to as "Plaintiff"), filed this prisoner civil rights action under 42 U.S.C. § 1983 on March 18, 2022, against the defendant, Ms. M. THOMAS (hereinafter referred to as "Defendant").  See ECF No. 1 (Complaint), pg. 1.  At the times relevant to this case, Plaintiff was housed at California Health Care Facility ("CHCF") in Stockton.  The Defendant identified in the complaint is a certified nursing assistant ("CNA") at CHCF who was present at the time of the incident that gave rise to this complaint.

Plaintiff seeks relief in this case under 42 U.S.C. § 1983, alleging an Eighth Amendment claim and a Fourteenth Amendment claim.  First, Plaintiff claims that Defendant violated his Eighth Amendment rights by being deliberately indifferent to health threats to Plaintiff's person when not immediately responding to Plaintiff's "suicide attempt in progress," resulting in physical lacerations, cuts, and "extreme pain."  See id. at 3,13.  Second, Plaintiff alleges violation of his right to "14th Amendment Equal Protection" by failing to adequately react to said suicide attempt, considering Plaintiff's mental predisposition and medical past.  See id. at 4, 8.

In his complaint, Plaintiff alleges that Defendant was deliberately indifferent to serious medical needs of Plaintiff when she purportedly delayed treatment of Plaintiff, leading to further injury.  See id. at 3.  Plaintiff was on Defendant's "1:1 suicide watch" when he repeatedly drove a 2-inch stapler into his lower left arm until he started to bleed.  See id. at 13.  The record attached to the complaint underscores the suicidality and the extent of Plaintiff's mental disorder, which Plaintiff brings to specific attention repeatedly in the complaint itself.  See id. at 3, 7-11.  As per attachments to the complaint, Plaintiff's mental condition is a Major Depressive Disorder

with psychotic features. See id. at 8.

The complaint further states that Plaintiff did stop stapling himself upon realizing what he was doing. See id. at 3. Plaintiff purports to having suffered "extreme pain," cuts and lacerations on his left wrist as a result from this incident. See id. Further, the complaint states that Defendant failed to intervene with the suicide attempt, failed to use her "security alarm," and failed to alert other medical personnel. See id. Plaintiff's injuries ultimately required medical personnel to retrieve the metallic clip with tweezers. See id. However, Plaintiff does not provide specifications as to follow-up treatments and no complaints are made against other personnel or employees from the facility. See id. Finally, Plaintiff claims that by disregarding his underlying mental disorder and based on the professional duties, including to alert fellow medical staff when a suicide is attempted, Defendant aggravated the injuries Plaintiff suffered. See id. at 4, 12-14. Therefore, Plaintiff alleges that Defendant failed to take proper action as required in these specific instances for mentally ill inmate patients. See id.

## II. DISCUSSION

Plaintiff asserts two claims. In his first claim, Plaintiff alleges deliberate indifference to his suicide attempt. In his second claim, which he styles as an equal protection claim under the Fourteenth Amendment, Plaintiff contends that the delay in providing him assistance during his suicide attempt constituted a "threat[] to safety." As discussed below, the Court finds that Plaintiff fails to state a claim under the Fourteenth Amendment based on denial of equal protection, but that Plaintiff pleads adequate facts to sustain a claim under the Eighth Amendment based on deliberate indifference to his medical needs and safety.

### A. Equal Protection

In his second claim, Plaintiff suggests an equal protection violation. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is

1    unconstitutional within prisons save for the necessities of prison security and discipline.  See Cruz

2    v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also protected from intentional

3    discrimination on the basis of their religion.  See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir.

4    1997).  Equal protection claims are not necessarily limited to racial and religious discrimination.

5    See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny

6    to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect

7    class); see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny

8    to equal protection claim based on denial of in-cell meals where no allegation of race-based

9    discrimination was made); Harrison v. Kernan, 971 F.3d 1069 (9th Cir. 2020) (applying

10   intermediate scrutiny to claim of discrimination on the basis of gender).

11              In order to state a § 1983 claim based on a violation of the Equal Protection Clause

12   of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional

13   discrimination against plaintiff, or against a class of inmates which included plaintiff, and that

14   such conduct did not relate to a legitimate penological purpose.  See Village of Willowbrook v.

15   Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class

16   of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v.

17   Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940

18   F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

19              Here, the Court finds that the facts alleged by Plaintiff do not give rise to any

20   claims under the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff does not allege

21   that Defendant acted with the intent to discriminate against Plaintiff or treat him any differently

22   than similarly situated prisoners.  Nor does Plaintiff allege that he is a member of any protected

23   class.  As discussed below, however, the Court finds that Plaintiff's claim related to safety is a

24   component of his overall Eighth Amendment deliberate indifference claim.

25   / / /

26   / / /

27   / / /

28   / / /

1        **B.**     **Deliberate Indifference**

2              The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

         Plaintiff's deliberate indifference claim has two interrelated components, one based on disregard of his medical needs in light of an ongoing suicide attempt, and one based on disregard for Plaintiff's safety in light of an ongoing suicide attempt. For the reasons discussed below, the Court finds that Plaintiff's Eighth Amendment claim is cognizable under either theory.

         1.     Medical Needs

         Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

Plaintiff alleges that Defendant violated his Eighth Amendment rights to safety and medical care. More specifically, Plaintiff claims that Defendant (1) had full knowledge of his medical history and (2) failed to act upon his "active suicide attempt," resulting in lacerations and cuts on his left wrist as well as "extreme pain." See ECF No.1, pgs. 3, 13. The Court finds that these allegations are sufficient to proceed under a theory of deliberate indifference to Plaintiff's serious medical needs.

2. Safety

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

Here, Plaintiff asserts that, in the face of an ongoing suicide attempt, Defendant's disregard constituted indifference to his safety. The Court finds that these allegations establish a claim that Defendant disregarded a known safety risk by ignoring his ongoing suicide attempt.

///

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file an amended complaint within 30 days of the date of service of this order.

Dated: June 22, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE