Supplemental Jurisdiction
Pursuant To 28 U.S.C. § 136

David J. Harris
Name and Prisoner/Booking Number
P 54352
Place of Confinement
CHCF-Stockton, P.O.Box 213040
Mailing Address
Stockton, CA 95213
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

1ST
Amended
Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

**FILED**

JUN 29 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

David D. Harris
(Full Name of Plaintiff)
            Plaintiff,

        v.

(1) (CNA) M. THOMAS
(Full Name of Defendant)

(2) _____

(3) _____

(4) _____
            Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:22-CV-0512-DMC-P
(To be supplied by the Clerk)

TRIAL BY JURY DEMAND
Sued in individual capacity

CIVIL RIGHTS COMPLAINT
BY A PRISONER

☐ Original Complaint
■ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

☐ Other: _____.

2.   Institution/city where violation occurred: CHCF - STOCKTON _____.

## B. DEFENDANTS

1. Name of first Defendant: _M. THOMAS_____. The first Defendant is employed as:
   _(CNA) Certified Nursing Assistant_____ at _CHCF - STOCKTON_____.
   (Position and Title)                                    (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   (Position and Title)                                    (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   (Position and Title)                                    (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   (Position and Title)                                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☑ Yes   ☐ No

2. If yes, how many lawsuits have you filed? _3_. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _David D. Harris_____ v. _N. Kennedy_____
      2. Court and case number: _UNKNOWN_____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _SETTLED___
      _____.

   b. Second prior lawsuit:
      1. Parties: _David D. Harris_____ v. _N. MALAKKALA_____
      2. Court and case number: _UNKNOWN_____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _settled___
      _____.

   c. Third prior lawsuit:
      1. Parties: _David D. Harris_____ v. _Faye Benkle_____
      2. Court and case number: _UNKNOWN_____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _settled___
      _____.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: _Eighth Amendment Violation_

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
   ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer     ☒ Threat to safety     ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ON 8-24-22 AT 2:07 AM I WAS suffering From A Psychotic episode Which I posed A Danger To myself, Also I WAS HAving Auditory Hallucinations Willing ME TO Kill myself, I WAS At The Time ON Suicide WATch For A Previous Attempt on my liFe, So I WAS only Supposed TO HAve IN Cell a SAFety Smock/Gown, SAFety BlANkets (Tear Proof) And A MATTress ANYThing else NOT ordered By A physician is To be considered contraband So I WAS TO HAve NO Sharps, NO Points or Plastic's, So While im Cutting And sticking AN 2.5 cm metal staple Threw my Left arm The Defendant MRS. M. THomAs visibly SAT Right there and watched Me cut myself Repeatedly and Failed To Alert StaFF or activate her Security alarm, Then (replied, That its, "NOT like I can Stop You") But is not That The whole reason That She's Sitting There?, This is Why She's Giving A Emergency alarm For situations Such as This. See 844.6 When staff delays, interFeres or denies Their cluties Then They CAN be held liable For Their Negligence, See also CDCR's TiTle 15 3365. Suicide Prevention and Response.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Physical Pain,

5. **Administrative Remedies:**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes ☐ No

   b. Did you submit a request for administrative relief on Claim I?     ☒ Yes ☐ No

   c. Did you appeal your request for relief on Claim I to the highest level?     ☒ Yes ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**CLAIM III**

1. State the constitutional or other federal civil right that was violated: _____
_____

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5. **Administrative Remedies.**

a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☑ Yes    ☐ No

b. Did you submit a request for administrative relief on Claim III?    ☑ Yes    ☐ No

c. Did you appeal your request for relief on Claim III to the highest level?    ☑ Yes    ☑ No

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

## CLAIM II

1. State the constitutional or other federal civil right that was violated: *Eighth Amend Cont'd*

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☒ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   The objective Component, The Defendant knew of my mental health History Because she has all of the pertinent information on her computer also my physicians orders were on my cell door for staff to be aware of the imminent danger That I posed to myself. She Failed To stop an suicide Attempt in progress which is Her (sole Duty) it's the only Reason's she's Sitting Right in-Front of my cell door To Begin with. She Had The opportunity To properly perform her Job Duties and Failed To do so.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Cuts, And lacerations

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## E. REQUEST FOR RELIEF

State the relief you are seeking:

1. TRial By Jury Demand, 2. MONENTARY Compensation; 3. Declaratory Compensations And damages. 4. Request of AN Alternative Dispute Resolution Per F.R.CP. Sec 652(g)
4. IN The AMOUNT OF 5,000,000 00 MoNeNTary, Nominal, Declaratory, Declaratory.
And the court Deems PuNishable The Cruel and uNusual PuNishment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8-27-22
DATE

SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

Pro Se
(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

CASE NO. 2:22-CV-00512-DMC

DAVID D. HARRIS
            PLAINTIFF

      VS.

M. THOMAS
            DEFENDANT.

FIRST AMENDED COMPLAINT
42 U.S.C § 1983, DEMAND FOR
TRIAL BY JURY AND . . . .
ALTERNATIVE DISPUTE
RESOLUTION REQUEST
PURSUANT TO FED·R·CIV·P
TITLE 28 U.S.CODE SEC.651·
(a)(b) and § 652·(a)

I, DAVID D. Harris PlaintiFF in Pro Se Comes Before This Court in expectation OF SETTlement Per And via an alternative dispute Resolution Bearing The Burden OF Proof Per. Fed. R. OF. Evidence 301.4 Burdens of Production: measures and effect; Prima Facie showing also § 301.5 and 301.6 as clear and Convincing evidence See Exhibit #1. Call For Consult-Text. PlaintiFF maintains That on 8·24·21 at 02:07 PDT Due To Auditory hallucinations, the PlaintiFF ON Suicide Watch and defendant Certified Nursing Assistant M. THOMAS Thereby Watched The PlainTiFF Re-open a wound by repeatedly slashing at it with an 2.5 cm staple.

1.

over and over and Then drove the staple Threw my
arm into the Wound at approximately 2:07 am, Without
The defendant activating her security alarm or calling
For any help, the PlaintiFF had Notify staFF on his-
own once I realized What I was doing to mySelF.
As a result, NO Assistance WAS Forthcoming until 02:27
am NURSING staFF WAS less-than 12 Ft. away From The
PlaintiFFS cell, Which means Nursing LeFt the PlaintiFF
in Pain For 20 minutes BeFore Responding and my 1:1
Suicide Watch Sitter SAT-there The Whole-Time Without
Telling her supervisors That I WAS bleeding or in
Pain, so by the Time the Nursing-staFF responded
my wound stop-bleeding and the Pain had mostly
sub-sided but The deFendant sat right-there while
a 2.5 cm staple WAS driven threw my Forearm and she
Visabley seen it There, and (said, "Well I cANt stop
you") As a direct result the deFendant WAS deliberately
indiFFerant Because she Violated Policy by NOT, activat
-ing her alarm and Violated Both Key componets
OF the Subjective and Objective Factors OF delibe
rent indiFFerence under Wilson V. Seiter 501 U.S. 294,
303, 111 S.Ct. 2321 (1991), Farmer V. Brennan, 511 U.S. 825,
834, 114 S.Ct. 1970 (1994) and The deFendant acted malic
-iously and sadistically. Hudson V. McMillian 503 U.S. 1, 7,
112 S.Ct. 995 (1992), Whitley V. Albers 475 U.S. 312,320
106 S.Ct. 1078. (1986); Morgan V. District OF Columbia 824
F.2d 1049, 1062-63 (D.C. cir 1987); Johnson V. Lewis 217
F.3d 726, 734 (9TH cir 2000) See also ~~Excessive~~

1  Haley V. Gross, 86 F.3d 630, 642 (7th cir 1996); Farmer
2  V. Brennan, 511 U.S. at 842-43; id. at 837; see Hope
3  V. Pelzer, 536 U.S. 730, 738, 122 S.Ct. 2508 (2002); Vinning-
4  El V. Long, 482 F.3d 923, 924-25 (7th cir 2007)
5  Estate of Carter V. City of Detroit, 408 F.3d 305, 312-13
6  (6th cir 2005); La marca V. Turner 995 F.2d, 1526, 1536
7  N.21 (11th cir 1993). Defendant Had to have Known due
8  To close spatial Proximity of The immediate threat
9  That I posed to myself, Seeing as That I was
10 on Suicide Watch For slashing my Wrist Prior That week.
11 they (see) Sanchez V. Taggart, 144 F.3d 1154, 1156 (8th cir
12 1998); Ginest V. Board of County Comm'rs of Carbon coun
13 -ty 333 F.Supp. 2d 1190, 1198 (D.Wyo.2004); Velez V.
14 Johnson, 395 F.3d 732, 736 (7th cir 2005) Brown V. Budz, 398
15 F.3d 904, 914-15 (7th cir 2005); Pierson V. Hartley, 391 F.3d
16 898, 903 (7th cir 2004; See also Clem V. Lomeli, 566 F.3d
17 1177, 1181-82 (9th cir 2009) Ericson V. Holloway, 77 F.3d
18 1078, 1080-81 (8th cir 1996); Defendant could' HV stopped
19 Stopped Inpending harm by immediately Notifying
20 staff of my actions, see, Feeney V. Correctional med
21 -ical Services Inc. 464 F.3d. 158, 162 (1st cir 2006)
22 Helling V. McKinney, 509 U.S. 25, 33, 113 S.Ct 2475 (1993)
23
24 "Courts Have often Held That deliberate indifference can be shown
25 by repeated examples of Negligent acts Which disclose a patt
26 -ern of conduct...' or a showing of gross deficiencies in
27 staffing, facilities, equipment or procedures; French V. Owens 777
28 F2d 1250, 1254 (7th cir 1985)

3.

1  Having set legal presidence THE CALiFornia HealTh care Facility
2  stockTon is grossly deFicenT by any standards, I've been
3  The victim OF Muitiple MAlpractice and Negligence suits at
4  This Facility and This! is The reason For The medical staFF
5  and mental health staFF Treating so harshly, I've been
6  attacked by Inmates and staFF alike because I don't
7  allow myselF To be mistreated by Not utilizing The
8  avenues available At my dispossle, so Im called Names
9  like "Rat", snitch" or worse. Just see The Temporary
10  Restaining order in David D. Harris vs. Nurse Faye
11  Benkle, which resulted in a settlement or David D.
12  Harris vs. N- MaiAKKLA case citings unknown
13  but it has made me a Target For excercizing my
14  Legal and Admin. Remedies. So in closing, I'd Just
15  PreFer This Matter be over quickly I've recieved death
16  threats, loss oF property, Frivorless R.V.R$, unJust
17  Loss oF Priviledges so on and so Forth With NO For
18  - seeable end in-sight When this incident Happened
19  They purposely said, "I reported that I was'nt in
20  pain" Then iF I was in pain initially why did
21  I call For help instead oF cleaning myselF in
22  my sink?, IF I was'nt in pain, why was I
23  asking For The medical staFF To do whats called
24  A 7219 or An unusual occurrencereport To oFFicia
25  lly document my injuries, I even had To threat
26  -en staFF To get Any help at all, IF it was'nt
27  based on my injuries and my Pain, the medical
28  StaFF made me wait so long, by the time They

4.

did get there my pain was bearable numb at The injury sight so when They pulled the 2.5cm staple out of my arm I did'nt even Feel it, Thats Just me Being honest about it after 20 minutes of waiting; For instance a Hiker in Arizona got his leg caught between A rock and had To use his Pocket-knife To cut his own leg off after days of pain, he said, "No" I did nt really Feel it that much, Because he had already been through the Pain already." But im in A med-ical/mental Health Facility People cut themselves and hang themselves so For these Trained profess-ionals To wait 20 mins and not know, that its not life-threatening means that there was some Type of malice behind it, to warrant their unjustified actions.

In closing, Just based on The Fact that I was already on Suicide watch For cutting My wrist earlier in the week anyl, call For help in a mental health ward should Be acted on in haste. See coce's 3365. Suicide Prevention and Response.

I, hereby swear under The Penalty of Perjury that The Foregoing accompanied Be Exhibits is True and Correct as I Know them To be.

_____    6.28.22

5.

# ADDITIONAL ARGUMENTS
## And Memorandums OF Authority's.

THE PLAINTIFF MAINTAINS THAT at The Time OF The INCIDENT I WAS HAVING a Auditory Hallucinations Causing me NOT TO be able at THAT Time, TO express my Tendencies TO Die. (See) Coleman V. Wilson 912 F. Supp 1282, 1298 And N. 10, 1305-06 (E. D. cal 1995)

Gibson V. County OF Washoe, Nev 290 F. 3d 1175 1189 (9th cir 2002)

Under The Tort claims act, "a claim Need Not contain The detail and specificity required of a pleading But Need only Fairly describe What the Entity is alleged TO Have done CAl Gov't $§ 900 et Seq 945. 4.

moreover The statute imposing liability ON A public entity or its employees For Failing TO Take Responable action to summon medical care on behalf OF Prison Inmates is limits TO Situation IN Which is suffering From Serious and Obvious medical Condition That Requires Immediate attention Gov't Code 845. 6.

ATE OF CALIFORNIA
RENEWAL OF INVOLUNTARY MEDICATION PETITION (PENAL CODE 2602)
CDCR MH-7368-1 (03/17)

Case 2:22-cv-00512-DMC   Document 12   Filed 06/29/22   Page 13 of 29

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Form: Page 1 of 1
Instructions: Page 2

## Renewal of Involuntary Medication Petition

| | | | |
|---|---|---|---|
| Inmate Name (Last): HARRIS | (First): DAVID | CDCR #: P54352 | PID #: |

Date: March 12, 2021   Institution: CHCF-Stockton | Bed/Cell/Dorm: CHCF A 302B1-137001L

Age: 42 | Gender: ☒Male ☐Female | Interpreter: ☐Yes ☒No | Language:

### NOTICE OF INTENT TO SEEK RENEWAL OF INVOLUNTARY MEDICATION

The clinical staff of the institution shown above allege that you continue to have a serious mental illness or disorder. As set forth in the attached declaration, your behaviors and symptoms meet the legal criteria for danger to self, danger to others, or grave disability. These symptoms are currently being moderated by court-ordered psychiatric medication. A judge has previously ordered you to take psychiatric medication for these condition(s). The clinical staff of this institution alleges that, without said medication, you would revert to your previously qualifying condition(s) and, as specified in the attachments, you have by either your statements or behaviors shown a lack of sufficient insight to manage your illness without a PC 2602 order. You will therefore be brought in front of an Administrative Law Judge, who will decide whether you should continue to be given psychiatric medication on an involuntary basis.

### PENAL CODE 2602 ORDERED MEDICATION STATUS

Your current order for involuntary psychiatric medication expires on: March 19, 2021

### RENEWAL HEARING

Hearing Date and Time: March 18, 2021 @ 0900 | Hearing Institution: CHCF - Stockton

Attorney Name: Stephen Atkins | Attorney Address: 290 E. L Street, Ste. 363

Attorney Phone: (707) 648-3240 | Benicia, Ca 94510

**Renewing Psychiatrist:**

Name and Title (Print): V. MALHOTRA, MD

### RENEWAL BASIS

1. The basis for involuntary medication in the prior order is marked below.

2. Based on clinical judgment and observation, except for medication resulting from the current order, it is alleged that the above-entitled patient would be: (mark all that apply)

☒Danger to self | ☒Danger to others | ☐Grave disability and lacks capacity to refuse treatment

### SERVICE

I declare under penalty of perjury that I delivered a copy of this notice, a copy of the form "CDCR MH-7366 Inmate Rights Notice - Involuntary Medication", and any related paperwork such as exhibits or attachments, to the attorney listed in the "Renewal Hearing" section above, and to the patient on the date shown below.

**Person Delivering Petition:**

Name and Title (Print): J. Arandia, MCA | Signature: | Date: 3/12/2021

RECEIVED
HCCAB
JUL 0 7 2021

| 1. Disability Code: | 2. Accommodations: | 3. Effective Communication: | |
|---|---|---|---|
| ☒ TABE score ≤ 4.0 | ☐ Additional Time | ☐ Patient asked questions | CDCR #: P54352 |
| ☐DPH ☐DPV ☐LD | ☐ Equipment ☐SLI | ☐ Patient summed information | |
| ☐DPS ☐DNH | ☐ Louder ☐Slower | | Last Name: HARRIS   MI: |
| ☐DNS ☐DDP | ☐ Basic ☐Transcribe | **Please check one:** | |
| ☐Not Applicable | ☐ Other* | ☐ Not Reached* ☐ Reached | First Name: DAVID |
| | | *See chrono/notes | DOB: 03/21/1978 |

4. Comments: TABE 06.6; NCF

Unauthorized collection, creation, use, disclosure, modification, or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.

DISTRIBUTION: Original: Health Records Copies: Patient, MCA, patient's attorney, OLA, OAH
eUHR SCANNING LOCATION: MHChrono/Misc-Legal/Other; 7363 Notice of Certification for Involuntary Medication
EHRS LOCATION: Mental Health Documentation > Legal

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
Form: Page 1 of 5
Instructions: Page 6
CDCR MH-7368-2 (03/17)

Case 2:22-cv-00512-DMC    Document 12    Filed 06/29/22    Page 14 of 29

# DECLARATION IN SUPPORT OF RENEWAL OF INVOLUNTARY MEDICATION

| Declaration in Support of Renewal of Involuntary Medication |
|---|

| Patient Name (Last): Harris | (First): David | CDCR #: P54352 | PID #: |
|---|---|---|---|

| Date: 03/12/2021 | Institution: CHCF- STOCKTON | Bed/Cell/Dorm: 137 |
|---|---|---|

| Age: 42 | Gender: ☒Male ☐Female | Interpreter: ☐Yes ☒No | Language: English |
|---|---|---|---|

1. I am a licensed psychiatrist employed by the State of California to treat patients sentenced to imprisonment or housed in a California state prison, including facilities operated by the Department of State Hospitals to treat California Department of Corrections and Rehabilitation patients.

2. The current working diagnosis, which is a serious mental illness requiring psychiatric medication, for this patient is: MDD with psychotic features

3. The patient named above is currently on a PC 2602 order that expires on  Mar 19, 2021  . In my opinion, this court order must be renewed.

4. The basis for the above diagnosis is as follows:

   ☒Danger to self        ☒Danger to others        ☐Gravely disabled and lacking capacity to accept or refuse medications

5. (If applicable) The following new acts or behaviors occurred in the last 12 months, which suggest an additional basis should be added to the existing court order:

   RECEIVED
   HCCAB
   JUL 0 7 2021

6. In my professional opinion, without involuntary psychiatric medications the patient listed would revert to the behaviors or acts that were the basis for the initial petition in this matter, based on the patient's serious mental illness requiring consistent psychiatric medication. The behaviors or acts that required involuntary medication and led to this court order are summarized as follows:

   At SVSP on 05/31/2013 Emergency Involuntary Medication started. Mr. Harris has a mental illness and a long history of affective lability, depression symptoms, and self injurious behavior. Ha had attributed self injurious behavior by cutting on himself and banging his head. Ha had poor medication compliance, rarely attended groups.. He had suicide attempts on 03/18/2013 when he scratched his wrist against the wall in his cell and on 04/24/2013 making superficial cuts on left wrist. On 05/04/2013 a report made he attempted to hang himself. Mr. Harris was admitted on 5/21/13 when he stated, 'Man I'm not safe. I feel like banging my head" He was placed on 1:1 observation after reporting headaches from head banging. Mr. Harris refused psychotropic medications, was a Danger to Self and for these reasons was placed on Emergency Involuntary Medications. A court order was granted for one year on basis of Danger to Self from 08/20/13-8/20/14. The order was continuously renewed for DTS and in 2019 when Mr. Harris threatened multiple staff members multiple times( 8/1/18,3/15/19) DTO was added. Mr. Harris received 3 RVRs. On 1/24/20 Pt reported banging his head against the wall, blood notified on the wall, opened his old injury, does not trust himself on 1:1, has active plan to kill himself (by banging) secondary to voices( MHMD Note, 1/24/20). It was renewed for DTS and DTO on 3/12/20. In the past year, pt. continues to have suicide ideations, on 2/20/21, he reported feeling depressed, having suicidal thoughts. Pt. is very unpredictable at this time( MHMD Note, 2/20/21). Pt has had poor attendance throughout his stay in PIP. On one occasion having to be rehoused for disrupting group. On a separate unit the RT reported Pt was unwilling to work with him because he felt "disrespected" by the RT(RT DC summary, 2/17/21). Per SRASHE, his Chronic risk is high due to previous, though unverified suicide attempts. Patient has a long sentence and family supports are dwindling (son incarcerated and uncle mentally ill). Patient's self-esteem appears to be rather low and may internalize a lot of things despite coming across as a jokester. Acute risk is moderate as patient does engage in superficial self-harm at times. He did not engage in any potentially lethal self-harm in the past couple of years. He does head bang and superficially cut, which is precipitated by situational stressors or demonstrated to avert transfers( SRASHE, 2/12/21). In the past year pt. received 4 RVRs: Indecent exposure (5/5/20), battery on on non-prisoner(7/20/20), failure to respond to notices(10/2/20), battery on peace officer(1/6/21). It would be in the patients best medical interest to continue the order for another year.

| 1. Disability Code: | 2. Accommodations: | 3. Effective Communication: | |
|---|---|---|---|
| ☐TABE score ≤ 4.0 | ☐Additional Time | ☒Patient asked questions | CDCR #: P54352 |
| ☐DPH ☐DPV ☐LD | ☐Equipment ☐SLI | ☒Patient summed information | |
| ☐DPS ☐DNH | ☐Louder ☐Slower | | Last Name: Harris    MI: |
| ☐DNS ☐DDP | ☐Basic | Please check one: | |
| ☐Not Applicable | ☐Other* | ☐Not Reached* ☒Reached | First Name: David |
| | | *See chrono/notes | DOB: 03-21-1978 |

4. Comments:

Unauthorized collection, creation, use, disclosure, modification, or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.
DISTRIBUTION: Original: Health Records Copies: MCA
eUHR SCANNING LOCATION: MHChrono/Misc-Legal/Others; 7363 Notice of Certification for Involuntary Medication
EHRS LOCATION: Mental Health Documentation > Legal

STATE OF CALIFORNIA
**DECLARATION IN SUPPORT OF RENEWAL OF INVOLUNTARY MEDICATION**
CDCR MH-7368-2 (03/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Form: Page 2 of 5
Instructions: Page 6

Case 2:22-cv-00512-DMC   Document 12   Filed 06/29/22   Page 15 of 29



### Declaration in Support of Renewal of Involuntary Medication

a. In my professional opinion, without involuntary psychiatric medications the patient listed would continue to exhibit the behaviors set forth in response 5 above and are the basis for a new finding of danger to self, danger to others, or grave disability based upon fresh facts.

7. Pursuant to the existing court order, a licensed psychiatrist treating this patient has prescribed for the patient one or more psychiatric medications for the treatment of the patient's serious mental illness, has considered the risks, benefits, and treatment alternatives to involuntary medication, and has determined that the treatment alternatives to involuntary medication are unlikely to meet the needs of the patient.

8. I have advised the patient of the risks and benefits, and treatment alternatives to the psychiatric medication(s) and the patient refused, did not have the capacity, or was unable to consent to the administration of the medication.

9. The expected benefits of this medication to the patient are:

Decrease in symptoms

10. Potential side effects and risks to the patient from the medication, and any alternatives to treatment with the medication include:

Side effects of antipsychotic and mood stabilizing medications which are the standard of care include.
1. Muscle disorders- such as Parkinsonian tremors and rigidity, acute dystonia, tardive dystonia, tardive dyskinesia.
2. Metabolic disorders- such as weight gain, dyslipidemia, diabetes, hyponatremia.
3. Cardiac disorders such as QTC prolongation and arrhythmias.
4. Liver disorders such as transaminitis and medication induced hepatitis.
5. Pancreatic disorders such as pancreatitis.
6. Blood dyscrasias such as thrombocytopenia or leukopenia.
7. Other risks of antipsychotic and mood stabilizing medication include temperature dysregulation, seizures and in severe cases neuroleptic malignant syndrome- a medical emergency.  These risks are mitigated by regular interviews, physical exams, monitoring of vital signs, EKG and serum analysis. Alternatives such as talk therapy are not the standard of care for Schizoaffective disorder, nor validated as primary treatment. As a result, therapy is used as supplementary modality.

There are not alternatives to psychiatric medications. This patient is currently receiving treatment at the CHCF Psychiatric Inpatient Program, and is assigned a multidisciplinary team, including a psychiatrist, psychologist, social worker and rehabilitation therapist.

| | |
|---|---|
| **Declaration in Support of Renewal of Involuntary Medication**<br>CDCR MH-7368-2 (03/17) | CDCR #: P54352<br>Last Name: Harris    MI:<br>First Name: David<br>DOB: 03-21-1978 |

*Unauthorized collection, creation, use, disclosure, modification, or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

DISTRIBUTION: Original: Health Records  Copies: MCA
eUHR SCANNING LOCATION: MHChrono/Misc-Legal/Others; 7363 Notice of Certification for Involuntary Medication
EHRS LOCATION: Mental Health Documentation > Legal



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**DECLARATION IN SUPPORT OF RENEWAL OF INVOLUNTARY MEDICATION**
Form: Page 3 of 5
CDCR MH-7368-2 (03/17)
Instructions: Page 6
Case 2:22-cv-00512-DMC   Document 12   Filed 06/29/22   Page 16 of 29

## Declaration in Support of Renewal of Involuntary Medication

11. I met with the above listed patient on 03/12/21    at CHCF    and administered a standardized PC 2602 renewal questionnaire (below). The patient's responses are set forth as follows:

a. Ask the patient if s/he believes s/he has a serious mental illness. Response:

"Everyone who is in prison should have something"

b. Ask the patient to describe behaviors or acts which led to this involuntary medication order being put in place. Response:

Attempted hanging in 2013 and refusal of meds

c. Ask the patient to describe what s/he believes to be the main or most important signs or symptoms of his or her serious mental illness, when s/he is not on medication, or when the illness is active or not in remission. Response:

Hearing voices

| | |
|---|---|
| **Declaration in Support of Renewal of Involuntary Medication**<br>CDCR MH-7368-2 (03/17) | CDCR #: P54352 |
| | Last Name: Harris     MI: |
| | First Name: David |
| | DOB: 03-21-1978 |

*Unauthorized collection, creation, use, disclosure, modification, or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

DISTRIBUTION: Original: Health Records Copies: MCA
eUHR SCANNING LOCATION: MHChrono/Misc-Legal/Others; 7363 Notice of Certification for Involuntary Medication
EHRS LOCATION: Mental Health Documentation > Legal

13

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
DECLARATION IN SUPPORT OF RENEWAL OF INVOLUNTARY MEDICATION
Form: Page 5 of 5
Instructions: Page 6
CDCR MH-7368-2 (03/17)

Case 2:22-cv-00512-DMC    Document 12    Filed 06/29/22    Page 17 of 29

| Declaration In Support of Renewal of Involuntary Medication |
|---|

h. Ask the patient how does s/he think his or her mental illness should be treated? What kind of treatment does s/he think is important to control the symptoms of his or her illness? Response:

"I believe my problems are situational and meds help but in my situation meds are not going to help" " I need a phone call" " nobody is listening and then I have to act out to get things done and then they listen"

12. Based on the facts and diagnosis indicated above, my review of documents both in the treatment team profile of this patient and in the chart, and the patient's responses to the interview questions, it is my opinion that without psychiatric medication the patient would revert to the behaviors that were the basis for the initial petition in this matter.

13. In my opinion, the patient lacks the necessary insight to manage his or her own medication regimen. My opinion is based on my review of the clinical ~~conducting~~, medication administration records, the patient's statements over the course of the last 12 months, as well as patient interview and information ~~~~ on the historical course of the patient's serious mental illness, as documented on the provided Institutional Treatment Team Profile or Renewal PC 2602 Patient, which is incorporated herein by reference.

14. Based on the behaviors and symptoms indicated above, it is my opinion that as the result of a serious mental illness, the patient remains a (mark all that have been documented):

[X] Danger to self        [X] Danger to others        [ ] Gravely disabled and lacking capacity to accept or refuse medications

15. In my opinion, there is no less restrictive alternative than renewal of the current court order. I request renewal of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 03/12/21 , in the City of Stockton , California, in the County of San Juaquin

Print Name and Title: Vikram Malhotra M.D        Signature: _____

RECEIVED
HCCAB
JUL 1 7 2021

| | CDCR #: | P54352 |
|---|---|---|
| Declaration in Support of Renewal of Involuntary Medication | Last Name: | Harris        MI: |
| CDCR MH-7368-2 (03/17) | First Name: | David |
| | DOB: | 03-21-1978 |

Unauthorized collection, creation, use, disclosure, modification, or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.

DISTRIBUTION: Original: Health Records  Copies: MCA
eUHR SCANNING LOCATION: MHChrono/Misc-Legal/Others; 7363 Notice of Certification for Involuntary Medication
EHRS LOCATION: Mental Health Documentation > Legal

14

STATE OF CALIFORNIA
DECLARATION IN SUPPORT OF RENEWAL OF INVOLUNTARY MEDICATION
CDCR MH-7368-2 (03/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
ATTACHMENT
Form: Page 4 of 5
Instructions: Page 6

Case 2:22-cv-00512-DMC    Document 12    Filed 06/29/22    Page 18 of 29

## Declaration in Support of Renewal of Involuntary Medication

d. Ask the patient if s/he would take all clinically indicated psychiatric medications without a court order. Response:

"I may I may not"

e. Ask the patient to summarize his or her current medications and what effect they have. Response:

"Current medications help with voices and suicidal thoughts"

f. Ask the patient what s/he believes or thinks would happen if s/he stopped psychiatric medication? Does s/he believe his or her behavior or thoughts would change if s/he stopped psychiatric medication? Response:

"not necessarily, my problems are all situational"

g. Ask the patient to identify what, if any, conditions set off or cause his or her psychiatric symptoms, behaviors, or thoughts. Response:

"When staff does not respond to my requests and I end up acting out"

RECEIVED
HCCAB
JUL 0 7 2021

| | |
|---|---|
| **Declaration in Support of Renewal of Involuntary Medication**<br>CDCR MH-7368-2 (03/17) | CDCR #: P54352 |
| | Last Name: Harris    MI: |
| | First Name: David |
| | DOB: 03-21-1978 |

Unauthorized collection, creation, use, disclosure, modification, or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.

DISTRIBUTION: Original: Health Records  Copies: MCA
eUHR SCANNING LOCATION: MHChrono/Misc-Legal/Others; 7363 Notice of Certification for Involuntary Medication
EHRS LOCATION: Mental Health Documentation > Legal

15

# EXHIBITS

# 1. & 2

ARE The ORDers That are All suicide
Watch Cell Doors, so The Defendant
Had the Knowledge That The Plaintiff
Could Be Actively ~~Suicidal~~ suicidal

**CHCF – California Health Care Facility – Stockton**

Pt. Name: HARRIS, DAVID DEMOND
Fin #: 75522
DOB: 03/21/78        Age: 44 Years
Height as of :
Weight as of :

CDCR #: P54352
Sex: Male

Admit Date: 04/21/21
Ordering Date/Time: 06/23/22 17:28
Admitting Diagnosis:
Ordering Clinician: SYSTEM SYSTEM
Patient Location: CHCF B 303B1/113/113001L
Patient Type: Inpatient MH

---

**Adaptive Support Form (CDCR 128 C–2)**

**MODIFY REQUISITION**

**Orderable:**           **MH OBSERVATION**

| | |
|---|---|
| Requested Start Date/Time | **06/23/22 17:28:00 PDT** |
| Observation Type | **Watch 1:1** |
| Observation Reason | **Safety** |
| Monitor For | **Self harm behavior & suicidal statements** |
| Constant Indicator | **Yes** |
| Duration | **30** |
| Duration Unit | **hr** |
| Stop Date/Time | **06/24/22 23:59:59 PDT** |

Comments:
  **Updated by CDC_CA_UPDT_MHOBS_DETAILS via cdc_ca_updt_mhobs_post rule**

EXHIBIT # 1.

PRINT INITIATED: 06/23/22 17:34        BY: Addison, George RN

**CHCF – California Health Care Facility – Stockton**

Pt. Name: HARRIS, DAVID DEMOND
Fin #: 75522
DOB: 03/21/78       Age: 44 Years
Height as of :
Weight as of :

CDCR #: P54352
Sex: Male

Admit Date: 04/21/21
Ordering Date/Time: 06/23/22 17:30
Admitting Diagnosis:
Ordering Clinician: SYSTEM SYSTEM
Patient Location: CHCF B 303B1/113/113001L
Patient Type: Inpatient MH

---

### Adaptive Support Form (CDCR 128 C–2)

#### MODIFY REQUISITION

**Orderable:**       **MH PATIENT ISSUE**

| | |
|---|---|
| Requested Start Date/Time | **06/23/22 17:30:00 PDT** |
| Stop Date/Time | **06/24/22 23:59:59 PDT** |
| Male Clothing Type | **Safety** |
| Male Clothing Details | **Safety smock** |
| Female Clothing Type | **(None)** |
| Bedding | **Safety blanket** |
| Bedding | **Safety mattress** |
| Constant Indicator | **Yes** |
| Special Instructions | **Walker allowed** |
| Personal Items | **Treatment material** |
| Eating Issue | **Regular** |
| Visiting Restriction? | **No** |
| Yard Restriction? | **No** |
| Phone Call Restriction? | **No** |
| DME Restricted | **No** |

Comments:
**Updated by CDC_CA_UPDT_MHOBS_DETAILS via cdc_ca_updt_mhobs_post rule**

EXHIBIT #2.

PRINT INITIATED: 06/23/22 17:35       BY: Addison, George RN

*VIOLATION OF TITLE 15 Suicide Prevention & Response. 3362(b)(c)*

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

*SC 21000388*

| STAFF USE ONLY | Expedited? ☐ Yes ☒ No | Tracking #: **CHCF HC 21001834** |
|---|---|---|

A. Prasad RN

| Staff Name and Title (Print) | Signature | Date 08/30/21 |
|---|---|---|

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): HARRIS, DAVID | CDCR #: P54352 | Unit/Cell #: A2B-137 |
|---|---|---|

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

ON 8-24-21 At 2:07 AM I, DAVID D. HARRIS WAS 1:1 Suicide WAtch in Building A2B. While CNA Thomas WAS WAtching me she viewed me in A Active suicide Attempt drove A 2 inch staple threw my Left arm continously until it Lodge itself into my SKIN she did Not Activate her alarm or call Any staff member For Assistance, Totally violating CDCRS suicide Prevention and Response 3365 (c) Failing to report A active Suicice Attempt in progress And violated 844.6 Government codes 845. Once the Pain Became unbearable and I realized what I was doing, I Had to Notify staff member RN Lagashi And RN John Doe AKA NURSe "D" CONTINUED 602 HC ⒜

Supporting Documents Attached. Refer to CCR 3999.227 ☐ Yes ☐ No

| Grievant Signature: | Date Submitted: 8-25-21 |
|---|---|

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.

**SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only    Is a CDCR 602 HC A attached? ☐ Yes ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction):  Date: _____  Date: _____

☐ Withdrawn (see section E)

| ☒ Accepted | Assigned To: Thomas | Title: SRN II | Date Assigned: | Date Due: 11/2/21 |
|---|---|---|---|---|

| Interview Conducted? ☒ Yes ☐ No | Date of Interview: 9/10/21 | Interview Location: A2B |
|---|---|---|

| Interviewer Name and Title (print): A. Thomas SNN II | Signature: A. Thomas | Date: 10/27/21 |
|---|---|---|

| Reviewing Authority Name and Title (print): B. Buendine, CEO(A) | Signature: | Date: 11/1/21 |
|---|---|---|

| Disposition: See attached letter | ☐ Intervention | ☒ No Intervention |
|---|---|---|

HCGO Use Only: Date closed and mailed/delivered to grievant:    **NOV 03 2021**

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | | | |
|---|---|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions | RECEIVED CHCF AUG 30 2021 HCGO | COMPLETED CHCF STAFF NOV 03 2021 HCGO | RECEIVED USE ONLY NOV 29 2021 | COMPLETED HCCAB DEC 29 2021 |
| ☐ DPH☐ DPV☐ LD | ☐ Equipment☐ SLI | ☐ Patient summed information | | | |
| ☐ DPS☐ DNH | ☐ Louder☐ Slower | Please check one: | | | |
| ☐ DDP | ☐ Basic☐ Transcribe | ☐ Not reached☐ Reached | | | |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | | | |
| 4. Comments: TABE 6-6 | | | | | |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**                                                              Page 2 of 2
CDCR 602 HC (Rev. 10/18)                              Tracking #: **CHCF HC 2100183**

| SECTION C: | Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response, explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |
|---|---|

Dissatisfied because when I showed CNA M. Thomas the
staple Had She Alerted Nursing staff Immediatly
I would Had Never gotten the chance To Injure my-
self." one and # Two, why didn't She Activate
Her Alarm?.

| Grievant Signature: | Date Submitted: | 11-15-21 |
|---|---|---|

| SECTION D: HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☑ Yes ☐ No |
|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):    Date:_____    Date:_____

☐ Withdrawn (see section E)    ☑ Accepted

☐ Amendment    Date:_____

Interview Conducted?    ☐ Yes  ☑ No    Date of Interview:_____    Interview Location:_____

Interviewer Name and Title (print):_____    Signature:_____    Date:_____

| Disposition: See attached letter | ☐ Intervention | ☑ No Intervention |
|---|---|---|

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant:    **DEC 29 2021**

| SECTION E: | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |
|---|---|

| Grievant Signature: | Date Submitted: |
|---|---|

| Staff Name and Title (Print): | Signature: | Date: |
|---|---|---|

RECEIVED CHCF    COMPLETED CHCF    **STAFF USE ONLY**

AUG 3 0 2021    NOV 0 3 2021

HCeO

Distribution: Original - Returned to grievant after completed; Scanned Copy - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)
CGO

Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
**CDCR 602 HC A (10/18)**

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

---

**STAFF USE ONLY**

Tracking #: SC 21000338
CHCF HC 21001834

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): | CDCR Number: | Unit/Cell Number: |
|---|---|---|
| HARRIS, David | P54352 | A2B—137 |

**SECTION A** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

As previously stated I had to scream for the RN.
To call custody officer D. Christian for assistance which
was provided at great length finally RN Lagashin and
RN Doe (AKA) Nurse "D" pulled a metalic piece of metal from
my left forearm and placed it in a plastic container
ending statement.)

Grievant Signature: _____     Date Submitted: 8-25-21

**SECTION B** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: _____     Signature: _____     Date: _____

RECEIVED
CHCF
AUG 3 0 2021
HCGO

COMPLETED
CHCF
NOV 0 3 2021
HCGO

STAFF USE ONLY
RECEIVED
CHCAB
NOV 2 3 2021

COMPLETED
HCCAB
DEC 2 9 2021

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking #: **CHCF HC  21001834**

| SECTION C: | Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section C only (Dissatisfied with Health Care Grievance Response): |
|---|---|

Grievant Signature: _____    Date Submitted: _11 - 15 - 21_

| SECTION D: | Staff Use Only: Grievants do not write in this area. Grievance Appeal Interview Clarification. Document issue(s) clarified during interview (If necessary at HQ Level). |
|---|---|

Name and Title: _____    Signature: _____    Date : _____

RECEIVED
CHCF

AUG 30 2021

HCGO

COMPLETED
CHCF

NOV 03 2021

HCGO

**S T A F F   U S E   O N L Y**

Distribution: **Original** - Returned to grievant after completed, **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Response

**Closing Date:**  NOV 0 3 2021

**To:**  HARRIS, DAVID (P54352)
A  302B1137001LP
California Health Care Facility
P.O. Box 213040
Stockton, CA 95213

**Tracking #**  CHCF SC 21000338

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
Refer to the attached CDCR 602 HC, Health Care Grievance, in which you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

The reviewing authority completed a review of the allegation of staff misconduct presented in the attached CDCR 602 HC, Health Care Grievance, and categorized your health care grievance as a staff complaint. Your health care grievance was referred for a confidential inquiry to address the allegation of staff misconduct.

## GRIEVANT INTERVIEW
On September 18, 2021, you were interviewed by A. Thomas, Supervising Registered Nurse II. You stated you were sitting flat facing her and you showed her the staple and you drove it into your left arm. She just sat there and looked at it and did not call for help.

## WITNESS INTERVIEW(S)

☐ No witnesses were interviewed.

☒ The following witnesses were interviewed: E. Dalaten, Registered Nurse.

## SUBJECT OF THE STAFF COMPLAINT INTERVIEW
M. Thomas, Certified Nurse Assistant was interviewed.

## INSTITUTIONAL LEVEL DISPOSITION
No intervention, as the confidential inquiry is complete and all issues were adequately addressed.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record and all pertinent departmental policies and procedures were

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

reviewed.

With respect to one or more of the issues grieved, it has been concluded that staff:

[X]  did not violate California Department of Corrections and Rehabilitation policy.

[ ]  violated California Department of Corrections and Rehabilitation policy.

Complaints against staff are taken seriously and all efforts are made to ensure these matters are thoroughly researched and responded to in accordance with governing laws, rules, and policies. Any report generated or action taken is confidential and will not be released to inmates under any circumstances.

If you have health care needs, you may access health care services by utilizing approved processes in accordance with California Correctional Health Care Services policy.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

_A. Thomas_ _____

Interviewer

A Thomas

Supervising Registered Nurse II

California Health Care Facility

_10/27/2021_ _____

Reviewed and Signed Date

_____

Reviewing Authority

B. Brizendine, PsyD, MBA, CCHP-MH

Chief Executive Officer (A)

California Health Care Facility

_____

Reviewed and Signed Date

RECEIVED
HCCAB

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

 # CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Headquarters' Level Response**

**Closing Date:** DEC 2 9 2021

**To:** HARRIS, DAVID (P54352)
California Health Care Facility
P.O. Box 213040
Stockton, CA 95213

**From:** California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:** CHCF SC 21000338

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
Refer to the attached CDCR 602 HC, Health Care Grievance, in which you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

The institutional level reviewing authority categorized your health care grievance as a staff complaint and referred your health care grievance for a confidential inquiry to address the allegation of staff misconduct.

## HEADQUARTERS' LEVEL DISPOSITION

[X] No intervention.    [ ] Intervention.

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package and health care record, the supervisor's Confidential Inquiry Report, and all pertinent departmental policies and procedures were reviewed. Records indicate the content of the Confidential Inquiry Report supported the conclusion that staff did not violate California Department of Corrections and Rehabilitation policy.

While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

Complaints against staff are taken seriously and all efforts are made to ensure these matters are thoroughly researched and responded to in accordance with governing laws, rules, and policies. Any report generated or action taken is confidential and will not be released to inmates under any circumstances. You have been

---

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

D.HARRIS, P54352
CHCF SC 21000338
Page 2 of 2

provided all information to which you have a right under California Code of Regulations, Title 15, Section 3999.231.

Per California Code of Regulations, Title 15, Section 3004(a), "Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner." Additionally, per the Health Care Department Operations Manual, Section 2.1.1, Patients' Rights, the individual patient's rights are maintained in concurrence with established medical ethics and to preserve the basic human dignity of the patient. Certain rights may be limited by reasonable application of security regulations.

If you have health care needs, you may access health care services by utilizing approved processes in accordance with California Correctional Health Care Services policy.

This decision exhausts your administrative remedies.

December 28, 2021

S. Gates, Chief                                              Reviewed and Signed Date
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

---

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA  95758